UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Skiboky Stora,

                Plaintiff,

    -against-

New York City Board of Elections and
Rusat Ramgopal,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

25-CV-5004 (NRM) (RML)

NINA R. MORRISON, United States District Judge:

      Plaintiff Skiboky Stora, proceeding *pro se*, seeks to be included on the ballot as a candidate for Mayor of the City of New York. The Board of Elections ("BOE"), however, denied Stora's nominating petition, determining that he had not gathered enough valid signatures to be placed on the ballot. Stora then brought an action to validate his nominating petition in the Special Election Part of the New York State Supreme Court, where he was unsuccessful, and appealed to the Second Department of the Appellate Division, which also denied relief. On September 5, 2025, Plaintiff filed the above-captioned action against the BOE and Rusat Ramgopal, seeking "immediate[] vacatur" of the decision of the Second Department as well as an order "validating the Independent nominating petition filed by him as a candidate for the public office of Mayor of the City of New York on the Freedom Party line for the

1

General Election to be held on November 4, 2025." ECF No. 1 at 9.[1]  Stora also sought a preliminary injunction granting such relief.  ECF No. 3.  Two weeks later, Stora moved to stay these proceedings.  ECF No. 8.

On September 29, 2025, the BOE requested a pre-motion conference in connection with an anticipated motion to dismiss, ECF No. 11, which Stora opposed, ECF No. 12.  The Court denied the pre-motion conference as unnecessary and directed the parties to briefing.  The BOE timely moved on October 8, 2025 to dismiss the Complaint.  ECF No. 22.  The BOE also moved for an order barring Stora from filing any further suits against it in federal court without first obtaining the approval of the Chief Judge of the Court in which suit is sought to be filed (often referred to as a "litigation bar"), citing Stora's history of filing actions against the BOE in both state and federal court and of failing to oppose motions to dismiss in those cases.  *Id.* at 7–9.  On October 9, 2025, Stora opposed both motions.  ECF No. 24.

In the interest of judicial efficiency and because the November 4, 2025 general election is quickly approaching, the Court first turns to the BOE's motion to dismiss, and holds in abeyance the BOE's request for a litigation bar.  For the reasons discussed below, the Motion to Dismiss is GRANTED and Stora's Complaint is dismissed without prejudice.

---

[1] The Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

2

## BACKGROUND

The following facts are taken from the Complaint and the record of the related state court proceedings; to the extent the Complaint includes well-pled and plausible factual allegations, they are assumed to be true for the purposes of deciding this motion.[2]

Stora seeks to be included on the ballot as a candidate for the office of Mayor of New York City, with the general election set for November 4, 2025. On May 20, 2025, Stora filed six petition volumes containing 7,819 signatures with the BOE. ECF No. 1 at 5. On May 27, 2025, Stora filed an additional thirteen petition volumes, for a total of 14,000 signatures. *Id.* at 7. Rusat Ramgopal submitted objections to Stora's petitions, following which the Clerk of the BOE conducted a count and determined that Stora had submitted 7,819 signatures across nineteen petitions, of which 1,976 were valid. ECF No. 3-1 at 5. This determination, which was adopted by the BOE, left Stora without the required 3,750 signatures to be listed on the ballot. *Id.*

---

[2] The Court also takes judicial notice of the Clerk's Report and decisions of the Supreme Court Special Election Part and the Second Department, attached to Stora's Complaint as Exhibits A, B, and E. ECF No. 3-1 at 5, 6–10, 13–14; *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (for purposes of a motion to dismiss, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference"); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of other judicial proceedings as a public record).

On June 26, 2025, Stora sought an order validating his nominating petition in the Special Election Part of the Supreme Court of the State of New York, Kings County, which was denied following oral argument. ECF No. 1 at 7; ECF No. 3-1 at 6–9. The Supreme Court rejected Stora's claim that the objections were not properly filed. ECF No. 3-1 at 6–10. The Supreme Court also rejected Stora's claim, "made for the first time during oral argument, that the petition contained 14,000 signatures." *Id.* at 7 n.1. The Supreme Court relied on the Board of Election's Clerk's Report, which it confirmed through an approximate count conducted by the Court's own referees. *Id.*

Stora then appealed to the Second Department of the Appellate Division of the State of New York. ECF No. 1 at 8. The Second Department affirmed. ECF No. 3-1 at 13–14. Like the Supreme Court, the Second Department rejected Stora's argument that his petitions contained 14,000 signatures as without merit. *Id.*

Three days later, Stora filed this action. Stora asserts that his First Amendment rights were violated by the decision of the Second Department as well as by the BOE and objector Rusat Ramgopal. ECF No. 1 at 7–9. He further states that he "is appealing" the order of the Second Department "to the United States District Court for the Eastern District of New York." *Id.* at 8. He seeks an order for the "immediate[] vacatur" of the decision of the Second Department and validation of his nominating petition. *Id.* at 9

The BOE now moves to dismiss this action. In support of its motion, the BOE argues that the Court lacks jurisdiction over Stora's "appeal" from the Appellate Division; that Stora lacks standing as the date he filed this action has eliminated any possibility that the Court could redress his injuries; and that Stora's First Amendment claim is meritless following the Second Circuit's decision in *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458 (2d Cir. 2006). ECF No. 22 at 3–9. In opposition to the motion to dismiss, Stora points to petition signatures that he alleges were not counted, argues that jurisdiction is proper, and asserts that the Court should grant relief because "the New York State court . . . did not count all my signatures just like the Board of Elections." ECF No. 24 at 1–3.

## STANDARD OF REVIEW

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (citation modified), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting

5

*Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (citation modified) (quoting *Twombly*, 550 U.S. at 557).

Moreover, the party bringing the action must demonstrate that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-5369 (JS) (ARL), 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.").

## DISCUSSION

Two doctrines bar the Court from hearing this suit: *Rooker-Feldman* abstention and claim preclusion.

### 1. *Rooker-Feldman* abstention

Federal courts "lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005); *see also Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423,

6

426 (2d Cir. 2014) ("[F]ederal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments."). The Second Circuit has held that a claim is barred under what is known as the *Rooker-Feldman* doctrine when (1) the federal court plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites the federal court to review and reject that judgment, and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Hoblock*, 422 F.3d at 85 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). *Rooker-Feldman*'s "paradigm situation" is where a state court loser has "repaired to federal court to undo the [state court] judgment." *Exxon Mobil*, 544 U.S. at 293. Even cases raising constitutional arguments not presented in state court are subject to *Rooker-Feldman* "because only the [United States] Supreme Court may hear appeals from state-court judgments." *Hoblock*, 422 F.3d at 87.

Here, all four elements of *Rooker-Feldman* are met. The first and fourth elements are straightforward. Stora lost in the state trial court and in his state court appeal. ECF No. 1 at 9; ECF No. 3-1 at 6–10, 13–14. Both state court decisions were issued before this suit commenced. ECF No. 1 at 9; *cf. Team Kennedy v. Berger*, 748 F. Supp. 3d 200, 209 n.3 (S.D.N.Y. 2024) (finding *Rooker-Feldman* did not deprive the District Court of jurisdiction over a nominating petition case where the state court action was still pending when the federal action commenced). As to the second and third elements, the Complaint alleges injuries stemming from the

state court judgments and seeks review and rejection of those judgments. That distinguishes Stora's case from those in which *Rooker-Feldman* was not found to apply because the plaintiffs claimed that the state court merely "ratified, acquiesced in, or left unpunished" the actions of the BOE, but did not assert any injury by the state court judgment itself, nor did they seek to use the federal action as a *de facto* appeal from the state court judgment. *See, e.g.*, *Marchant v. Bd. of Elections.*, 815 F. Supp. 2d 568, 576 n.11 (E.D.N.Y. 2011) (quoting *Hoblock*, 422 F.3d at 88). Here, by contrast, the Complaint expressly alleges that the state court judgment is the cause of Stora's current injury: he claims that the "Second Judicial Department decision and order dated September 2, 2025 . . . *violated Plaintiff['s] First Amendment Right[s]*." ECF No. 1 at 7 (emphasis supplied). The Complaint further states that Stora "*is appealing* the Supreme Court of the State of New York Appellate Division: Second Judicial Department decision and Order dated September 2, 2025." ECF No. 1 at 8 (emphasis supplied). Stora's opposition to the motion to dismiss reiterates that he is "appealing" the state court decision "to the Court." ECF No. 24 at 1. The relief Stora requests — "vacatur" of the "decision and order dated September 2, 2025 under Docket #2025-07736" — affirms this characterization. ECF No. 1 at 9. A suit for such relief falls squarely within the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414 (1923) (finding District Court lacked jurisdiction to declare state court judgment "null and void"); *Vossbrinck*, 773

8

F.3d at 427 (determining that complaint that sought "to have the state judgment declared 'void'" was barred by *Rooker-Feldman*).

Thus, because this case is "in substance, [an] appeal[] from [a] state-court judgment[,]" *Hoblock*, 422 F.3d at 84, and the Court lacks jurisdiction to hear appeals from state courts, the Court must dismiss.

2. **Claim preclusion**

Even if *Rooker-Feldman* did not apply, the rule of claim preclusion bars this suit. Claim preclusion applies where there was a previous action that (1) resulted in an adjudication on the merits, (2) involved the same plaintiff(s) or those in privity with them, and (3) involved, or could have involved, the same claims. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014); *see also Team Kennedy*, 748 F. Supp. 3d at 211. "Following a valid final judgment" rejecting a nominating petition, claim preclusion "bars future litigation between the same parties, or those in privity with them, on the same cause of action." *Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997) (finding claim preclusion barred federal action following state court determination rejecting ballot petition); *see also Schulz v. Williams*, 44 F.3d 48, 55 (2d Cir. 1994) (finding that federal action to be placed on the ballot was precluded where candidate previously brought the same claim in state court).

Here, the parties and claims are identical to those in the already-decided state court action. The substance of Stora's Complaint is that his petitions contained 14,000 signatures, of which more than the required 3,750 were valid yet not properly

counted by the BOE. ECF No. 1 at 7. This exact issue, however, was already raised, adjudicated on the merits, and decided against Stora in the Special Election Part and the Second Department. ECF No. 3-1 at 6–10, 13–14. As such, this Complaint is subject to claim preclusion.

Further, to the extent that Stora seeks to raise a First Amendment claim against Defendants not previously addressed, such a claim could have been raised in the state court action. It is well-established that constitutional claims may be raised in the Special Election Part. *Team Kennedy*, 748 F. Supp. 3d at 211; *Murray v. Cuomo*, 460 F. Supp. 3d 430, 441 (S.D.N.Y. 2020) (finding that the Special Election Part has "broad jurisdiction" to hear claims, "including alleged constitutional violations"). Because Stora could have raised any First Amendment claims he now asserts against Defendants in the state court action, such claims are also precluded. His Complaint is therefore barred by the doctrine of claim preclusion.

Having determined that the Court lacks jurisdiction to hear this suit, the Court declines to reach Defendant's remaining arguments.

## **CONCLUSION**

For the reasons discussed above, the Court grants the Board of Elections' motion to dismiss. The Complaint is dismissed without prejudice. Plaintiff Skiboky Stora's motions for a preliminary injunction and to stay the proceedings are denied as moot.

The Clerk of Court is requested to mail a copy of this Memorandum and Order to *pro se* Plaintiff Skiboky Stora at the address noted on the docket.

**SO ORDERED.**

                                                                                     */s/ Nina R. Morrison*
                                                                                     NINA R. MORRISON
                                                                                     United States District Judge

Dated:    October 23, 2025
             Brooklyn, New York