```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

SKIBOKY STORA,

           Plaintiffs,

-against-

NEW YORK CITY BOARD OF ELECTIONS *and* RUSAT RAMGOPAL,

           Defendants.

**MEMORANDUM AND ORDER**
25-CV-5004 (NRM) (RML)

**NINA R. MORRISON**, United States District Judge:

    Plaintiff Skiboky Stora, *pro se*, brought this action against Defendant the New York City Board of Elections ("BOE") seeking to be listed on the ballot as a candidate for Mayor of the City of New York. In response, the BOE moved to dismiss, and additionally sought an injunction barring Plaintiff from commencing any new litigation against the BOE and its staff absent prior approval from the Chief Judge of the Eastern or Southern Districts of New York (*i.e.* an "anti-filing injunction").

    In light of the time-sensitive nature of the relief Plaintiff sought, the Court resolved Defendant's motion to dismiss the underlying lawsuit first, granting it, and reserved judgment on the motion for an anti-filing injunction. Mem. & Order dated Oct. 23, 2025, ECF No. 26. That motion is now before the Court. For the reasons set forth below, the injunction is **GRANTED**.

## BACKGROUND

### I. History of this Action

On September 5, 2025, less than two months before the November 4, 2025 general election, Plaintiff Skiboky Stora filed the above-captioned action against the BOE and Rusat Ramgopal, seeking an order from the Court directing the BOE to place him on the ballot as candidate for Mayor of the City of New York. *See* Compl., ECF No. 1. Plaintiff also sought reversal of an order of the Second Department of the Appellate Division, affirming denial of his earlier state court petition in which he unsuccessfully sought the same relief. *Id.* at 9; ECF No. 3-1 at 6–9, 13–14.[1] Plaintiff subsequently sought a preliminary injunction and a stay of the proceedings. ECF Nos. 3, 8.

On September 29, 2025, the BOE requested a pre-motion conference ("PMC") in connection with anticipated motions to dismiss the Complaint and for an anti-filing injunction, Def. Letter, ECF No. 11, which Plaintiff opposed, Pl. Letter, ECF No. 12. The Court denied the pre-motion conference as unnecessary and directed the parties to brief the motion, which (as indicated in the BOE's pre-motion conference letter) specifically included a "request for this Court to preclude Plaintiff from further filings in this Court against the Board [of Elections] and the Board's staff," on an expedited schedule. Order dated Oct. 1, 2025. Plaintiff then filed an order to show cause seeking an expedited hearing "pursuant to elections special proceeding law." Order

---

[1] Pincites are given to the page numbers generated by the Electronic Case Filing System ("ECF").

2

to Show Cause dated Oct. 3, 2025, ECF No. 13; *see also* Aff. of Emergency dated Oct. 3, 2025, ECF No. 14; Aff. in Support dated Oct. 3, 2025, ECF No. 15; Pl. Aff. dated Oct. 3, 2025, ECF No. 16.

On October 8, 2025, the BOE timely moved to dismiss the Complaint and served its motion upon Plaintiff. BOE Mem. of L. in Supp. of Mot. to Dismiss ("BOE Mot."), ECF No. 22; BOE Certificate of Service, ECF No. 23. The BOE also sought an anti-filing injunction. BOE Mot. at 1, 7–9. Plaintiff opposed the motion to dismiss, but his opposition did not address the motion for an anti-filing injunction. Pl. Opp'n to Mot. to Dismiss ("Pl. Opp'n"), ECF No. 24. By Memorandum and Order dated Oct. 23, 2025, the Court granted the motion to dismiss, finding that Plaintiff's lawsuit was barred by the *Rooker-Feldman* abstention doctrine as well as the doctrine of claim preclusion, and denied Plaintiff's pending motions as moot. Mem. & Order dated Oct. 23, 2025 at 6–10. The Court reserved decision on the motion for an anti-filing injunction, in part to give Plaintiff an additional opportunity to be heard in opposition. *Id.* By subsequent order, the Court then granted Plaintiff until November 10, 2025 to respond to the anti-filing injunction motion. Order dated Oct. 30, 2025.

The Court *sua sponte* enlarged Plaintiff's time to respond until November 24, 2025 because its prior order was not timely mailed. Order dated Nov. 13, 2025. On the day his opposition was due, Plaintiff sought a further extension; the Court granted the application, extending Plaintiff's time to respond until December 4, 2025. Order dated Nov. 30, 2025. Five days after that deadline had passed, on December 9, Plaintiff moved for a third extension, alleging, for the first time, that he "never

3

received a copy" of the BOE's motion. Letter dated Dec. 9, 2025 at 1, ECF No. 29. That request was denied in light of the BOE's certificate of service and Plaintiff's acknowledgement in his opposition to the motion to dismiss that he had received the motion. Order dated Dec. 11, 2025. On December 16, 2025, Plaintiff filed an untimely reply to the BOE's motion, which he argued should be denied "because voter fraud was involved in this action and Plaintiff has a right to file under law." Pl. Repl., ECF No. 30. Contrary to Plaintiff's assertion, his dismissed lawsuit did not involve any allegations of voter fraud, however. *See* Compl.

## II. Plaintiff's History of Litigation

Plaintiff has filed seven previous lawsuits in the Eastern District of New York over the last ten years.[2] *See Stora v. Don't Ask Why Outfitters*, No. 15-CV-7106 (RRM) (RML), 2016 WL 10571885 (E.D.N.Y. Dec. 7, 2016); *Stora v. Don't Ask Why Outfitters*, No. 16-CV-180 (RRM) (RML), 2017 WL 1034637 (E.D.N.Y. Mar. 17, 2017); *Stora v. Comm'r Soc. Sec.*, No. 16-CV-6503 (RRM), 2018 WL 4637351 (E.D.N.Y. Sep. 27, 2018); *Stora v. NYPD*, 16-CV-4541 (NRM) (SJB) (E.D.N.Y Aug. 6, 2024); *Stora v. NYPD*, 16-CV-6504 (RRM) (RML), 2018 WL 4636963 (E.D.N.Y. Sep. 27, 2018); *Stora v. Black*,

---

[2] In assessing the history of litigation, the Court takes judicial notice of prior cases brought by Plaintiff, including cases brought against the BOE, and their dispositions. "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (citation modified); *see also Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 505 (S.D.N.Y. 2023) (taking judicial notice of plaintiff's litigation history for purposes of anti-filing injunction).

No. 17-CV-2470 (RRM) (RML) (E.D.N.Y. Sep. 25, 2018); *Stora v. N.Y.C. Bd. of Elections*, No. 23-CV-7551 (NRM) (RML) (E.D.N.Y. Oct. 24, 2024).

Many of Plaintiff's prior suits were terminated for failure to prosecute or otherwise follow the orders and instructions of the Court. For instance, Plaintiff initially filed *Stora v. Black*, an action against police officers, as a "criminal complaint." *See Stora v. Black*, No. 17-CV-2470, Mem. & Order dated Sep. 25, 2018, Dkt. No. 4. Upon instructions to file a civil complaint, Plaintiff failed to correct the filing, and the action was dismissed. *Id.* Another case, a civil rights action, proceeded through years of discovery and significant motion practice, but was then dismissed for failure to prosecute after Plaintiff failed to appear for a conference and ceased responding to counsel. *Stora v. NYPD*, No. 16-CV-4541, Order dated Aug. 6, 2024. Plaintiff failed to appear for several conferences in a different civil rights action, which was also dismissed for failure to prosecute. *Stora v. NYPD*, No. 16-CV-6504, Report & Recommendation dated Apr. 29, 2021, Dkt. No. 42, *report and recommendation adopted,* Order dated Jun. 25, 2021.

In recent years, Plaintiff turned his attention to the New York State and New York City Boards of Elections, bringing at least seven other actions in courts including not only this Court, but also the New York Supreme Court, the New York Court of Appeals, and the U.S. Supreme Court.[3] These actions have also been

---

[3] *Stora v. N.Y. Bd. of Elections*, 208 A.D.3d 1213 (N.Y. App. Div. 2d Dep't 2022) (seeking an order directing the BOE to place Plaintiff's name on the ballot as a candidate for Governor of the State of New York), *stay denied and appeal dismissed*, 195 N.E.3d 532 (N.Y. 2022); *Stora v. N.Y. Bd. of Elections*, No. 22A276, 2022 WL 20619364 (Sep. 30, 2022) (same); *Stora v. N.Y.C. Bd. of Elections*, No. CV-013869-

5

unsuccessful. In 2022, Plaintiff commenced a proceeding in New York Supreme Court to validate a petition nominating himself as a candidate for Governor of the State of New York, which was dismissed. *See Stora v. N.Y. Bd. of Elections*, 208 A.D.3d 1213, 1213 (N.Y. App. Div. 2d Dep't 2022). When Plaintiff's appeal was denied, he sought an emergency order from the New York Court of Appeals and then from the U.S. Supreme Court placing his name on the ballot as a candidate for Governor of the State of New York. *Stora v. N.Y. Bd. of Elections*, 195 N.E.3d 532 (N.Y. 2022); *Stora v. N.Y. Bd. of Elections*, No. 22A276, 2022 WL 20619364 (Sept. 30, 2022). In 2023, he filed a lawsuit seeking to be placed on the ballot as a candidate for New York City Council District 9. *Stora v. N.Y.C. Bd. of Elections*, No. 100650-2023 (N.Y. Sup. Ct. 2023), *aff'd*, *In re Stora v. N.Y.C. Bd. of Elections,* 219 A.D.3d 1178 (N.Y. App. Div. 1st Dep't 2023). That same year, he brought an emergency action seeking to postpone a special election for Queens Assembly District 27. *Stora v. N.Y.C. Bd. of Elections* No. 718808/23, Dkt. No. 1 (N.Y. Sup. Ct. Sep. 12, 2023). Also in 2023, Plaintiff sued the BOE in this Court for damages, and his Complaint was dismissed for failure to prosecute after Plaintiff failed to respond to a motion to dismiss. *Stora v. N.Y.C. Bd. of Elections*, No. 23-CV-7551, Order dated Oct. 24, 2024.

---

22/NY (N.Y. Cnty. Civ. Ct. Sep. 24, 2024) (dismissed for failure to appear); *Stora v. N.Y.C. Bd. of Elections*, No. 100650-2023 (N.Y. Sup. Ct. 2023) (denying petition to be placed on the ballot as a candidate for New York City Council District 9), *aff'd*, *Stora v. N.Y.C. Bd. of Elections*, 219 A.D.3d 1178 (N.Y. App. Div. 1st Dep't 2023); *Stora v. N.Y.C. Bd. of Elections*, No. 23-CV-7551 (NRM) (RML) (E.D.N.Y. Oct. 24, 2024) (seeking damages); *Stora v. N.Y.C. Bd. of Elections*, No. 718808/23 (N.Y. Sup. Ct. Sep. 12, 2023) (seeking to postpone a special election for Queens Assembly District 27); *Stora v. N.Y.C. Bd. of Elections*, No. CV-026203-23/NY (N.Y. Cnty. Civ. Ct. July 12, 2024) (dismissed without leave to amend).

Thus, this action marks Plaintiff's eighth unsuccessful lawsuit filed in the Eastern District of New York. It also marks his eighth unsuccessful action against the New York State and City Boards of Elections filed in various courts since 2022.

## DISCUSSION

District courts may impose an anti-filing injunction against "a litigant who has a history of vexatious litigation [and] is likely to continue to abuse the judicial process and harass other parties." *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713–14 (2d Cir. 2019) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)); *see also Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005). For such litigants, "[t]he filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996).

The Second Circuit has set forth five substantive factors that bear on whether to impose an anti-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu*, 919 F.3d at 714 (citing *Iwachiw v. N.Y. Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)). In addition to these five substantive factors, "[t]he unequivocal rule" in the Second Circuit is that a district court "may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity

7

to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see also Matter of Hartford Textile Corp.*, 613 F.2d 388, 390 (2d Cir. 1979) (noting the burden of the moving party "to notify the party to be enjoined and to invite a response"). Finally, any anti-filing injunction must not be overbroad. *See Vassel v. Firststorm Props. 2 LLC*, 750 F. App'x 50, 53 (2d Cir. 2018).

In this case, both the substantive and procedural requirements for an anti-filing injunction are met, and the proposed injunction's scope is appropriate. Therefore, the anti-filing injunction is granted.

## I. <u>Substantive Factors</u>

As set forth below, the Court finds that the first, second, fourth, and fifth substantive factors weigh strongly in favor of imposing an anti-filing injunction against Plaintiff.

*First*, while there is no "strict numerosity requirement" of prior lawsuits to justify sanctions, *Eliahu*, 919 F.3d at 714, Plaintiff has reached the threshold at which the number of his repeated filings weighs in favor of an injunction. *See Iawchiw*, 396 F.3d at 529 (affirming litigation bar after plaintiff brought more than fifteen federal and state actions); *Lipin v. Hunt*, 573 F. Supp. 2d 836, 839, 845–46 (S.D.N.Y. 2008) (six prior related actions); *El Bey v. City of New York*, No. 13-CV-8927 (AJN), 2015 WL 3526987, at *2 (S.D.N.Y. June 3, 2015) (considering the plaintiff's filing of frivolous motions in at least ten proceedings); *Gu v. Chen*, No. 24-CV-4756 (EK) (LB), 2025 WL 974270, at *1, *3 (E.D.N.Y. Apr. 1, 2025) (eight duplicative filings). Here, Plaintiff has brought at least seven previous actions in this district,

8

including one against the BOE, and another six in other courts against the BOE or its state counterpart, all of which were dismissed. The Court therefore finds that Plaintiff has a substantial history of prior frivolous litigation. *See Vassel*, 750 F. App'x at 52.

*Second*, as to motive, the Second Circuit has found that a litigant's history of similar unsuccessful lawsuits undermines a litigant's good faith in pursuing litigation. *Eliahu*, 919 F.3d at 715; *see also Iwachiw*, 396 F.3d at 529 (finding plaintiff had "little, if any, objective good faith expectation of prevailing" following losses in more than fifteen similar actions). The Court notes that Plaintiff has never prevailed on the merits of his many prior actions. Moreover, while not all of Plaintiff's actions have been duplicative, in the instant case, having already been defeated on the same grounds in state court — which, as this Court has previously held, clearly precluded his federal action — Plaintiff could not have expected in good faith to succeed in this Court. *See* Mem. & Order dated Oct. 23, 2025 at 9–10. Plaintiff's repeated failure to abide by the Court's orders, including most recently his decision to file a brief in opposition after the Court denied him a third extension of time in which to do so, also indicates a lack of good faith expectation of success.

Instead, Plaintiff's history of litigation indicates an intent to harass the BOE and impose a significant burden on both the BOE and the courts. In many of Plaintiff's prior lawsuits, as in this one, he sought emergency relief relating to imminent upcoming elections, requiring the Court and the BOE to divert resources

9

to address Plaintiff's claims, although frivolous, in a timely manner.[4] Although elections are time-sensitive matters often requiring expedited litigation, Plaintiff's meritless suits have significantly taxed the BOE and the courts. Additionally, Plaintiff has demonstrated a pattern of failing to respond to opposition, requiring the BOE to outlay resources to dismiss cases that Plaintiff ultimately does not defend. *See, e.g.*, *Stora v. N.Y.C. Bd. of Elections*, No. 23-CV-7551, Order dated Oct. 24, 2024 (dismissed after Plaintiff failed to oppose a motion to dismiss); *Stora v. N.Y.C. Bd. of Elections*, 219 A.D.3d 1178 (docket reflects no opposition filed after respondent filed opposition brief). Accordingly, the Court finds that Plaintiff has a "demonstrable history of vexatious and baseless litigation against [the BOE]." *Eliahu*, 919 F.3d at 714.

*Third*, as the BOE concedes, Plaintiff's *pro se* status is a factor that weighs against the requested injunction. BOE Mot. at 7. Despite the special solicitude afforded *pro se* plaintiffs, however, the Second Circuit has "not altogether excused frivolous or vexatious filings by *pro se* litigants." *Eliahu*, 919 F.3d at 715 (citation modified). The Second Circuit has repeatedly affirmed injunctions against future suits by *pro se* plaintiffs where the other relevant factors warranted such measures.

---

[4] *See Stora v. N.Y.C. Bd. of Elections*, No. 718808/23 (seeking, on the day of a special election, an emergency order postponing it by two weeks); *see also Stora v. N.Y. Bd. of Elections*, 195 N.E.3d 532 (denying emergency application to the New York Court of Appeals); *Stora v. N.Y. Bd. of Elections*, 2022 WL 20619364 (denying emergency application to the U.S. Supreme Court). Plaintiff also sought a preliminary injunction in a case before the Southern District of New York, which was denied. *Stora v. City of New York*, No. 24-CV-3165 (JLR), 2025 WL 2592262 (S.D.N.Y. Sep. 8, 2025).

*See, e.g.*, *Hong Mai Sa*, 406 F.3d at 158 (enforcing anti-filing injunction against *pro se* litigant); *Iwachiw*, 396 F.3d at 529 (affirming anti-filing injunction against *pro se* litigant). "[A] court's authority to enjoin vexatious litigation extends equally over *pro se* litigants and those represented by counsel." *Lipin*, 573 F. Supp. 2d at 845. As such, Plaintiff's *pro se* status is a factor this Court must consider but does not prevent this Court from enjoining his future filings.

*Fourth*, Plaintiff has caused needless expense to both the BOE and the Court. In addition to defending against Plaintiff's cases in state court, the BOE bore the expense of filing dispositive motions in the instant action and Plaintiff's previous action in this Court. The Second Circuit has recognized such litigation costs as needless expense. *See Iwachiw*, 396 F.3d at 529 (noting that four groups of defendants each incurred the expense of being represented by counsel). Particularly because the BOE is not a major institutional litigant, the burden of litigating against Plaintiff weighs in favor of a litigation bar. Plaintiff has also imposed costs on the Court in parsing and deciding his complaints and motions. *Id.* ("The burden of processing plaintiff's litigation has also been shouldered by the Eastern District of New York."). And because he has often filed actions seeking injunctive relief tied to upcoming elections, he has often required the Court to prioritize his petitions over other matters that have been pending on its dockets for far longer.

*Fifth*, other sanctions would not be adequate. The Second Circuit has held that an anti-filing injunction is appropriate where the alternative of monetary sanctions would likely be inadequate to deter plaintiffs, noting that plaintiffs who have shown

11

that they can repeatedly pay filing fees are unlikely to be deterred by fines. *Eliahu*, 919 F.3d at 715–16. Here, as in *Eliahu*, Plaintiff has demonstrated his willingness to pay by paying a filing fee in several unsuccessful actions.[5] As such, the Court finds that he is unlikely to be deterred by monetary sanctions.

## II. Due Process

Notice and an opportunity to be heard are required before an anti-filing injunction is imposed. *Moates*, 147 F.3d at 208. Here, both requirements are satisfied. The BOE's pre-motion conference letter notified Plaintiff that it intended to seek an anti-filing injunction. Def. Letter at 3. The Court's order directing briefing specifically granted the BOE leave to move for an anti-filing injunction, Order dated Oct. 1, 2025, and the BOE dedicated three pages of its brief to the merits of its request for the anti-filing injunction, BOE Mot. at 7–9. This alone constitutes adequate notice. *See Shukla v. Meta Platforms Inc.*, 23-CV-10150 (JGLC) (GS), 2024 WL 4108563, at *16 n.10 (S.D.N.Y. July 17, 2024) (finding plaintiff had adequate notice where both Memorandum of Law and Notice of Motion requested a litigation bar), *report and recommendation adopted*, 2024 WL 3634796 (S.D.N.Y. Aug. 2, 2024).

However, before ruling on the BOE's motion, the Court again notified Plaintiff that it had reserved decision on the motion and granted him additional time to respond. Order dated Oct. 30, 2025. Rather than oppose the BOE's motion, Plaintiff repeatedly sought additional time. Letter dated Nov. 24, 2025, ECF No. 28; Letter

---

[5] *See Stora v. NYPD*, No. 16-CV-4541; *Stora v. N.Y.C. Bd. of Elections*, No. 23-CV-7551; *Stora v. N.Y.C. Bd. of Elections*, No. 25-CV-5004 (NRM) (RML), 2025 WL 2987486 (E.D.N.Y. Oct. 23, 2025).

12

dated Dec. 9, 2025. Although Plaintiff now asserts that he never received the BOE's motion, *see* Letter dated Dec. 9, 2025, that claim is not credible in light of Plaintiff's prior response to other specific points in the BOE's combined motion papers and the BOE's certificate of service. *See* Pl. Opp'n at 1; BOE Certificate of Service. Thus, the Court finds that Plaintiff was afforded adequate notice and opportunity to respond. *See Gu*, 2025 WL 974270, at *2 (imposing anti-filing injunction after plaintiff failed to respond to order to show cause). The procedural requirements for an anti-filing injunction are satisfied.

### III.  Scope of the Injunction

Finally, the scope of the proposed injunction is appropriate and reasonable. First, the scope of the injunction — precluding Plaintiff from bringing new federal complaints in the Eastern and Southern Districts of New York — is not overbroad given Plaintiff's prior filings in multiple fora. *Cf. Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 520–21 (S.D.N.Y. 2023) (imposing nationwide injunction against plaintiff who had filed multiple vexatious lawsuits in several fora). Second, the injunction is narrowly tailored to preclude vexatious litigation against just a single party, the BOE. *Vassel*, 750 F. App'x at 53 (noting a federal court's power to protect "specified parties" who have encountered a vexatious litigant in federal court); *see also In re Martin-Trigona*, 737 F.2d 1254, 1263 (2d Cir. 1984) (remanding with instructions to enjoin plaintiff from "bringing new actions in any tribunal without leave from the district court" against specified persons).

13

Finally, an anti-filing injunction must leave the door open to potentially meritorious claims by allowing a plaintiff to file future cases that would otherwise be barred by the injunction if he obtains leave of the court to do so. *See Vassel*, 750 F. App'x at 53 (modifying anti-filing injunction to allow future filings with leave of the court). Here, that requirement is satisfied by allowing Plaintiff to bring any potentially meritorious future action with leave of the Chief Judge of the Southern or Eastern Districts of New York.

## CONCLUSION

For the above reasons, the motion for an anti-filing injunction is **GRANTED**. Plaintiff is barred from filing any further actions against the New York City Board of Elections or any of its personnel in federal court in the Eastern or Southern Districts of New York absent leave of the Chief Judge of the court in which suit is sought to be filed.

The Clerk of Court is requested to mail a copy of this Memorandum and Order to *pro se* Plaintiff Skiboky Stora at the address noted on the docket.

**SO ORDERED.**

                                        */s/ Nina R. Morrison*
                                        NINA R. MORRISON
                                        United States District Judge

Dated:       January 7, 2026
                Brooklyn, New York